AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA <br> v. <br><br> ADAM COOK, <br><br> Defendant | ) <br> ) <br> ) Case No. 5:21-MJ-270 (ATB) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of September 3, 2020 in the county of Jefferson in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| Title 26, United States Code, Section 5861(d) | Possession of an unregistered NFA firearm |
| Title 26, United States Code, Section 5861(e) | Transferring an unregistered firearm in violation of NFA |
| Title 26, United States Code, Section 5861(f) | Making an unregistered firearm in violation of NFA |
| Title 21, United States Code, Section 841(a)(1) and (b)(1)(C) | Distribution and possession with intent to distribute cocaine, a Schedule II controlled substance |
| Title 18, United States Code, Section 924(c) | Possession of a firearm during and in furtherance of a drug trafficking crime |

This criminal complaint is based on these facts:
See Attached Affidavit.

☒  Continued on the attached sheet.

*Complainant's signature*

Richard Gardinier, Special Agent, ATF
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: 5/12/2021

*Judge's signature*

City and State: Syracuse, New York

Hon. Andrew T. Baxter, U.S. Magistrate Judge

*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES**<br><br>v.<br><br>**Adam COOK**<br><br>**Defendant.** | Case No. 5:21-MJ-<br><br>**Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF
## A CRIMINAL COMPLAINT

I, Richard Gardinier, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of a criminal complaint charging Adam COOK, the defendant, with violating Title 18, United States Code, Section 924(c) (Possession of a firearm during and in furtherance of a drug trafficking crime and/or a crime of violence), Title 26, United States Code, Section 5861(d) (Possession of an unregistered NFA firearm); and Title 26, United States Code, Section 5861(e) (Transferring an unregistered firearm in violation of NFA), Title 26, United States Code, Section 5861(f) (Making a firearm in violation of NFA), and Title 21, United States Code, Section 841(a)(1) and (b)(1)(C) (Distribution and possession with intent to distribute controlled substance, namely, cocaine).

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since January 2, 2017. I attended the Federal Law Enforcement Training Center (FLETC), located in Glynco, Georgia, where in I was enrolled in and successfully completed both Criminal Investigator Training Program (CITP) and Special Agent Basic Training (SABT). During the course of my training, I received instruction on physical surveillance,

interviewing sources of information and defendants, reviewing telephone and financial records, applying for and serving search warrants, firearms trafficking, etc. Prior to my time with ATF, I was employed by the United States Secret Service, Uniformed Division (USSS/UD) for four years. I was enrolled in and successfully completed the Uniformed Police Training Program (UPTP) at FLETC, as well as New Officer Training with the USSS/UD, located in Beltsville, Maryland.

3. I am an investigative, or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510 (7), that is, an officer of the United States who is empowered by law to conduct investigations of and make arrests for the offenses enumerated in Title 18, 21 and 26, United States Code. As an ATF Special Agent, I am authorized to seek and execute federal arrest and search warrants for Title 18 criminal offenses, Title 21 criminal offenses, and Title 26 offenses, related to the unlawful possession and/or transfer of firearms.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter.

5. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe Adam COOK has violated Title 26, United States Code, Section 5861(d), Section 5861(e), and Section 5861(f) by manufacturing, possessing and transferring at least two (2) firearms—namely, two (2) black, un-serialized rifles, commonly referred to as a Privately Made Firearm (PMF), bearing no make model or serial number identifiers, the barrels of which measured approximately 9.5 inches, and later recovered through law enforcement investigation.

## PROBABLE CAUSE

6. Members of the Metro-Jefferson Drug Task Force (MJDTF) were involved in an investigation regarding several individuals, alleged to be trafficking in both controlled substances and firearms. During the investigation, MJDTF members obtained information Adam COOK was selling both cocaine and firearms from his residence, located at 40973 State Route 12, Clayton, New York (RESIDENCE).

7. On September 03, 2020, MJDTF members conducted surveillance of the RESIDENCE. Officers observed several vehicles coming and going, remaining only a brief time at the RESIDENCE. Interviews of persons departing the RESIDENCE resulted in the recovery of cocaine from these persons and/or their vehicles. MJDTF members applied for, and received, a search warrant for the RESIDENCE on September 03, 2020, which was executed at approximately 1541 hours the same day.

8. Upon execution of a state search warrant at the RESIDENCE, officers encountered COOK as he was attempting to throw a safe from the window of the back bedroom. COOK was detained and advised of his *Miranda* Rights. At approximately 1544 hours, COOK knowingly and voluntarily waived his *Miranda Rights* and stated the following in sum and in substance;

   a. COOK admitted to residing at the RESIDENCE. COOK admitted to being a user of cocaine. COOK admitted to possessing cocaine in the RESIDENCE, which COOK stated was for personal use only.

   b. COOK admitted to possessing what was later described as a Keltec, 12-gauge shotgun bearing serial number XX8A99, which COOK stated he kept for protection inside the RESIDENCE.

    c. COOK provided a combination to the safe, located in the bedroom, which COOK stated contained cocaine.

9. During the search, officers located several items of evidentiary value, to include;

    a. Approximately 285 grams of a white, chunky substance, which was later determined to be cocaine following forensic laboratory analysis.

    b. Several boxes of 9mm caliber ammunition.

    c. $23,420.00 in US currency.

10. COOK later was interviewed by MJDTF Officers at the Clayton Police Department. COOK again agreed to speak with officers, wherein COOK stated the following in sum and in substance;

    a. COOK admitted to ordering firearm parts, including 80% kits, from the internet. COOK admitted to having personally "milled" out the receivers, turning them into functioning firearms. Additionally, COOK admitted to selling several of the firearms he manufactured.

    b. COOK admitted to selling two (2) rifles to Chris Jorgenson, three (3) rifles to Richard Desormeau, and two (2) rifles to David Cundall.

    c. COOK admitted to receiving cocaine from a source in Rochester, New York, to whom COOK owed approximately $35,000.00.

11. The 285 grams of cocaine seized from the RESIDENCE of Adam COOK was in an amount consistent with distribution, and not personal use or consumption. COOKs admissions to MJDTF Officers about prior drug trafficking also support this cocaine being possessed for distribution.

12. I have examined two (2) rifles which were recovered from both David Cundall and Richard Desormeau. Both Cundall and Desormeau indicated to members of the MJDTF they purchased the firearms from COOK. Based on my training and experience, and having personally inspected the two (2) rifles, I have determined the barrels of the rifles are in each case approximately 9.5 inches in length, and therefore are short-barreled rifles as defined by Title 26, United States Code, Section 5845(a)(3), and are required to be registered in the National Firearms Transfer Record (NFTR). Additionally, I examined the National Firearms Registration and Transfer Record (NFRTR), for both the rifles and Adam COOK, which yielded negative results for either the rifles, or Mr. Cook being registered therein.

13. Based upon the forgoing, I respectfully submit that there is probable cause to believe Adam COOK, has violated Title 26, United States Code, Sections 5861(d). 5861(e), and 5861(f), as well as Title 18, United States Code, Section 924(c), and Title 21, United States Code, Section 841(a)(1) and (b)(1)(C). I respectfully request the Court authorize the filing of this complaint and issue an arrest warrant so that the defendant may be arrested and brought to court for further proceedings in accordance with the law.

Attested to by the affiant:

Richard Gardinier
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

I, the Honorable Andrew T. Baxter, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on May  12, 2021, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Andrew T. Baxter
United States Magistrate Judge